UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **2:20-CR-48** |
| | ) | |
| vs. | ) | |
| | ) | |
| CODY PAUL HYATT, | ) | |
| | ) | |
| Defendant. | ) | |

**PRETRIAL ORDER**

As no motions have been filed and the motions deadline of July 21, 2020, has now passed, this action is hereby assigned for trial with a jury before the Honorable J. Ronnie Greer, Senior United States District Judge, to commence at **9:00 a.m. on September 10, 2020**. This order is entered as a guide to counsel with regard to the trial and/or sentencing procedures.

Trial procedures to be observed in this case are as follows:

(a) The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided with the jury list must return the list and any copies made to the clerk or must destroy them. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel asks improper questions, or if counsel is unnecessarily prolonging the process.

(b) Under Rule 24(b) of the Federal Rules of Criminal Procedure, Defendant is entitled to ten (10) peremptory challenges and the Government is entitled to six (6).

(c) Legal issues that counsel has foreseen are: none.

(d) Evidentiary problems that counsel has foreseen are: none.

(e) If counsel has any special requests for instructions to the jury, the same should be filed as directed by the Court in its prior order.

(f) Defendant's counsel will be permitted to make an opening statement to the jury prior to the commencement of the Government's proof.

(g) No motions may be filed in this cause of action by either side without the prior leave of the Court to do so, because the motion cutoff date has passed.

(h) Counsel should meet in advance of trial and carefully review trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible.

(i) The Court will conduct a charge conference, and on the morning of trial, the Court will furnish counsel with a draft of the proposed charge. A further charge conference will be conducted by the Court at the conclusion of all of the proof and before closing arguments. Any objections, requests, etc., relative to the charge should be presented at that time. Any request for an additional charge or a different charge should be made in writing, if possible. These rules do not in any way modify the requirement that special requests to instruct the jury be filed prior to the trial as previously instructed by the Court.

(j) If there is a conviction in this matter, a pre-sentence report will be prepared. All parties shall proceed in accordance with Local Rule 83.9. Objections to a presentence report must be made within 14 days after the Report is filed with the Court. If an evidentiary hearing will be

necessary to resolve any objection or any response thereto, this must be indicated in the objection or the response. A statement of no objections to the presentence report must be before the Court within 14 days after the Report is filed with the Court.

(k) The digital evidence presentation system both facilitates and expedites hearings and trials; therefore, counsel shall familiarize themselves with this courtroom technology and make full use of it. It is the responsibility of the parties and their counsel to ensure, well in advance of trial, that any electronic, digital, audio, or video material is compatible with the Court's equipment. Any failure to do so will not be considered sufficient reason for delay or postponement of the hearing or trial. Further, it shall be the responsibility of any party wishing to present such evidence to bring with him or her all equipment necessary, including cables, to be attached to the courtroom's Digital Evidence Presentation System.

Any objections to this Pretrial Order shall be taken up pursuant to 28 U.S.C. § 636(b)(1)(A).

SO ORDERED:

                                          s/Cynthia Richardson Wyrick
                                          United States Magistrate Judge